UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ADRIAN RAMON JAMESON                                                     PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:19CV-624-CRS

U.S. DEPT OF HEALTH/
HUMAN SERVICES                                                               DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Adrian Ramon Jameson filed the instant *pro se* action. He also filed an application to proceed without prepayment of fees (DN 3), which is **GRANTED**. Because the complaint fails to meet the pleading standards of Fed. R. Civ. P. 8(a), the action will be dismissed.

Plaintiff filed his complaint on the Court-approved complaint form for filing a civil case. In the caption, he names "U.S. Dept of Health/Human Services" as the only Defendant. Where the complaint form asks the filer to state the basis for this Court's jurisdiction, Plaintiff indicates federal-question jurisdiction. In the portion of the form where the filer is to list the specific federal statutes or constitutional provisions at issue, Plaintiff writes, "U.S. Constitution, Civil Rights Act, Emancipation Proclamation, Americans with Disabilities Act, Bill of Rights, Constitutional Amend[]ments, Pledge of Allegiance, Yan Kee Doodle, AHA, Preamble, Mainly fair & due process." In the "Statement of Claim" section, Plaintiff states, "Please note that adequate services and/or protections are NOT provided ie life & liberty, fair & due process & that no action is being taken on complaints directly to agencies and no protection is being offered other then US District Court." In the "Relief" section of the complaint form, Plaintiff states, "It should take no longer than 1 mo to receive services such as HUD. Now I am homeless completely broke. Social security and my doctor are saying they won't provide me benefits

because I am incompetent. I should be provided with any and all necessities no matter what & protections."

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

In the instant case, Plaintiff's complaint fails to meet this standard. Plaintiff's broad allegations of violations of his constitutional rights and other statutory provisions and his statement that he is entitled to government benefits, without any further factual basis, fail to give Defendant "fair notice" of his claim(s) against it. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation omitted). Moreover, he does not describe any action taken by the named Defendant in violation of his constitutional rights.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore

exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Because Plaintiff fails to allege factual grounds to support his complaint, this action will be dismissed by separate Order for failure to meet the pleading standard in Fed. R. Civ. P. 8(a).

Date: September 18, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4411.010